## WALTER R. MASON & another *vs.* ABIJAH L. WRIGHT & another.

An infant cannot be held to pay for grain furnished for horses owned by a firm of which he was a member, though the horses were employed in the usual business of the firm, and though he was emancipated by his father.

THIS was an action of assumpsit, brought against Abijah L. Wright and John S. Webber, partners, to recover the balance of an account. due from them to the plaintiffs, for grain and grain bags sold and delivered.

The parties submitted the case to the court, upon the statement of facts which follows :    " The grain specified in the plaintiffs' claim was furnished to the defendants when they were engaged as copartners in doing business as teamsters and common carriers of goods, under the firm of Wright & Webber, by the plaintiffs, who then were engaged as copartners in doing business as traders and dealers in grain, under the firm

Mason & another *v.* Wright & another.

of Mason & Brooks : The said Wright & Webber, at that time, jointly as copartners, owned several horses which were used by them in their said business : The grain, specified as above, was furnished to them for said horses, and was necessary food for said horses, and was used by the defendants in feeding them ; and the bags, specified in the plaintiffs' claim, were used by the defendants, in carrying away said grain : The said Webber, when said articles were so furnished, as aforesaid, was a minor, under the age of twenty one years, to wit, about the age of twenty years; and he had then, and before he entered into said copartnership, and before he purchased said horses jointly with said Wright, been emancipated by his father; and a notice of such emancipation, signed by his father, had been then printed in a public newspaper in the county of Middlesex ; and the said Webber had then left his father's house ; and his father then claimed no interest in his earnings, or in said horses or partnership property : The said Wright was defaulted at the first term after this action was commenced. Judgment is to be rendered against said Webber, with said Wright, if the court shall be of opinion that said Webber is liable with said Wright ; otherwise, judgment is to be rendered for said Webber, for his costs."

*B. Russell*, for the plaintiffs. The defendant Webber is answerable for the grain, as for necessaries. It was necessary for his horses, used in his business. In Story on Con. § 56, it is said, " the legal term ' necessaries ' is not strictly limited to such things as are absolutely requisite for support and subsistence, but is to be construed liberally." See *Rainsford* v. *Fenwick*, Carter, 215. *Hands* v. *Slaney*, 8 T. R. 578. *Harrison* v. *Fane*, 1 Scott N. R. 287, and 1 Man. & Grang. 550.

A minor may be a member of a partnership, as wel as an adult. *Goode* v. *Harrison*, 5 Barn. & Ald. 147. *Whitney* v. *Dutch*, 14 Mass. 457. And as Webber was emancipated, he is liable for the debts of the firm, contracted while he was a member. If he had left the firm, he would have been

entitled to half the property. No dissolution of the partnership is shown; and it is to be presumed that he has ratified the contract. *Boyden* v. *Boyden*, 9 Met. 519. *Boody* v. *McKenney*, 10 Shepley, 517.

*Farley*, for Webber. An infant is not bound to pay for goods bought to trade with. 1 Bl. Com. 466, Christian's note. Bayley, J. says, in *Thornton* v. *Illingworth*, 2 Barn. & Cres. 826, "in the case of an infant, a contract made for goods, for the purpose of trade, is absolutely void, not voidable only." On the same principle, he is not liable for any contract made for the purpose of carrying on his trade. 20 Amer. Jurist, 282, 283. He is liable for necessaries furnished to his wife; but if they are furnished before the marriage, he is not held to pay for them, though he uses them after marriage. *Turner* v. *Trisby*, 1 Stra. 168.

Emancipation does not enlarge his liability, nor in any way alter the case. *Inhabitants of Taunton* v. *Inhabitants of Plymouth*, 15 Mass. 203.

SHAW, C. J. The minor was not competent to enter into trade, and was not bound by the contract, though it was a partnership contract. The case is not distinguishable from that of *Tupper* v. *Cadwell*, decided on the present circuit. 12 Met. 559. In that case, we held that a minor was not legally bound to pay for repairs made on his dwelling-house, under a contract made by him, although the repairs were necessary to prevent immediate and serious injury to the house. The law deems a minor incompetent to make such contracts.

The emancipation by the father makes no difference in this respect. It was the mere renunciation of his own right to the services of the son, but did not enlarge the son's legal capacity.

According to the agreement of the parties, judgment is to e entered for Webber, for his costs.